**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

In Re:                                           *

**ALGITS, INCORPORATED**              *         **Case No. 21-13888**

Debtor.                              *         **(Chapter 11)**

*    *    *    *    *    *    *    *    *    *    *    *    *

**CIT BANK, N.A.'S LIMITED OBJECTION**
**TO DEBTOR'S MOTION TO APPROVE SALE OF**
**SUBSTANTIALLY ALL OF DEBTOR'S ASSETS**
**FREE AND CLEAR PURSUANT TO § 363**

Movant, CIT Bank, N.A. ("CIT Bank"), by and through its undersigned counsel, files this Limited Objection to Debtor's Motion to Approve Sale of Substantially All of its Assets Free and Clear Pursuant to § 363 (the "363 Sale Motion"). As grounds therefor, CIT Bank states as follows:

1.      CIT Bank is a creditor and party-in-interest herein pursuant to 11 U.S.C. § 1109.

2.      On June 11, 2021, Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code.

3.      On July 9, 2021, Debtor filed its Motion seeking to sell substantially all of its assets free and clear of liens, claims, encumbrances and interests under 11 U.S.C. § 363 of the Bankruptcy Code.

4.      Through its 363 Sale Motion, Debtor seeks approval to sell what is reported as the property of the Debtor (including equipment either owned outright or leased by debtor) free and clear of liens.

5.      However, the assets Debtor seeks to sell is subject to CIT Bank's security interests.

6.      Specifically, on or about December 4, 2019, ALGITS entered into that certain Master EFA Agreement xxxxxx2884 with CIT Bank, the terms of which were to govern Equipment Schedules contemplated to be executed simultaneously with or thereafter by the parties.

7.      Thereafter, pursuant to Equipment Schedule No. xxx-xxx7072 to the Master EFA Agreement (with the Master EFA Agreement and Schedule, the "Agreement"), CIT Bank financed ALGITS' acquisition of certain equipment (the "Equipment"), more particularly described on the Equipment Schedule and Interactive Sports Technologies Invoice No. ORD0006216 attached thereto.  A copy of the Agreement, Schedule, and Invoice are collectively attached as Exhibit 1.

8.      In ¶ 14 of the Master EFA Agreement, Debtor granted CIT Bank a security interest in that Equipment.  CIT Bank subsequently perfected its security interest in the Equipment by filing a UCC Financing Statement.  A copy of the UCC Financing Statement is attached as Exhibit 2.

9.      In addition, pursuant to the Agreement and the duly filed UCC-1, CIT Bank also has a valid, perfected security interest blanket lien in all of Debtor's furniture fixtures and equipment, subject to any earlier liens or purchase money security interest liens (with the Equipment, collectively, the "Collateral").

10.      While CIT Bank has reviewed the Debtor's filing related to the 363 Sale Motion, CIT Bank has been unable to fully ascertain if the Equipment is subject to the sale.  Facially, it appears that the Collateral is subject to the sale under the proposed 363 Sale Motion.

11.    CIT Bank will agree to permit the Debtor to sell its Equipment so long as CIT Bank is paid the proceeds from any of the Equipment that is sold, minus any sales commissions

12.    Further, CIT Bank will agree to permit the Debtor to sell the Collateral, so long as CIT Bank is paid the proceeds of any of its Collateral that is sold, minus any sales commissions and payment of superior lien interests of other creditors.

13.    11 U.S.C. 363(e) provides that

> Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362).

14.    Accordingly, CIT Bank respectfully requests that this Court condition the Debtor's 363 Sale on providing adequate protection of CIT Bank security interests in the Equipment and Collateral being sold.

15.    No Memorandum will be filed and Direct Capital will rely solely on this Limited Opposition.

WHEREFORE, CIT Bank, N.A. respectfully requests that that this Court enter an Order (i) conditioning the 363 Sale Motion to provide for adequate protection of CIT Bank's ownership and/or lien interests to the extent that it authorizes the sale of Equipment or Collateral subject to CIT Bank's lien interests and (ii) granting such other and further relief as this Court deems proper.

Respectfully submitted,

/s/ Adam M. Spence
Adam M. Spence, Esq., Fed Bar # 14356
Garrett E. Brierley, Esq., Fed Bar # 29596
SPENCE | BRIERLEY
409 Washington Avenue, Suite 1000
Towson, MD 21204
(410) 823-5003
Telecopier: (443) 836-9181
***Counsel for CIT Bank, N.A.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 23rd day of July, 2021, a copy of the foregoing was served via this Court's CM/ECF noticing procedures on the necessary persons or entities receiving electronic notice on the mailing matrix, including debtors' counsel and the United States Trustee's Office.

s/ Adam M. Spence
Adam M. Spence, Esq.