UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| **In Re:** | * | |
| **ALGITS, INCORPORATED** | * | Case No. 21-13888 |
| Debtor. | * | (Chapter 11) |
| * * * * * * | * * * * * * * | |
| **CIT BANK, N.A.,** | * | |
| Movant, | * | |
| v. | * | **Motion for Relief from Stay** |
| **ALGITS, INCORPORATED** | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * | * * * * * * | |

**CIT BANK, N.A.'S**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**
(High-Def Golf Simulator(s))

Movant, CIT Bank, N.A. ("CIT Bank"), by its undersigned counsel and pursuant to 11 U.S.C. § 362 and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, moves this Court for relief from the automatic stay to permit CIT Bank to exercise its rights and remedies under state law to (a) take possession of certain equipment financed by CIT Bank to Algits, Incorporated and (b) sell or otherwise dispose of same in accordance with the Agreement (as hereinafter defined) and the Maryland Uniform Commercial Code. As grounds therefor, CIT Bank states as follows:

## JURISDICTION

1. This Court has jurisdiction to address the issues raised and to grant the relief requested herein, pursuant to 28 U.S.C. § 157 and 11 U.S.C. § 362.

2. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(G).

## BACKGROUND

3. Debtor, Algits, Incorporated ("Debtor" or "ALGITS"), filed a petition for relief (the "Petition") under Chapter 11 of the United States Bankruptcy Code on June 11, 2021 (the "Petition Date").

4. Debtor is a Debtor-in-possession.

5. Prior to the Petition Date, on or about December 4, 2019, ALGITS entered into that certain Master EFA Agreement xxxxxx2884 with CIT Bank, the terms of which were to govern Equipment Schedules contemplated to be executed simultaneously with or thereafter by the parties.

6. Thereafter, pursuant to Equipment Schedule No. xxx-xxx7072 to the Master EFA Agreement (with the Master EFA Agreement and Schedule, the "Agreement"), CIT Bank financed ALGITS' acquisition of certain equipment (the "Equipment"), more particularly described on the Equipment Schedule and Interactive Sports Technologies Invoice No. ORD0006216 attached thereto. A copy of the Agreement, Schedule, and Invoice are collectively attached as Exhibit 1.

7. CIT Bank perfected its security interest in the Equipment by filing a UCC Financing Statement. A copy of the UCC Financing Statement is attached as Exhibit 2.

8. Pursuant to the Schedule, ALGITS was required to make 60 monthly payments of $1,958.18 to CIT Bank.

9. Shortly after Debtor's Bankruptcy filing, ALGITS failed to make payments due and owing under to CIT Bank. See Statement of Account detailing the principal amount owing under the Agreement attached as Exhibit 3.

10. The amount due and owing as of July 2, 2021 was $96,633.48, plus reasonable attorney's fees and costs as allowed under the Agreement.

11. Debtor has failed to make regular monthly payments to CIT Bank under the Agreement and has failed and continues to fail to make adequate protection payments to CIT Bank during this bankruptcy.

## ARGUMENT

12. Under 11 U.S.C. § 362, the Debtor's Bankruptcy filing operates to stay collection and other actions against Debtor or property of estate.

13. CIT Bank seeks relief from the automatic stay so as to permit CIT Bank to exercise its state law rights and remedies to repossess the Equipment and foreclose upon same.

14. Relief from stay may be granted pursuant to 11 U.S.C. § 362(d), which provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . .

15. Upon information and belief, the Equipment continues to be used.

16. CIT Bank has not been offered any form or manner of adequate protection for its ownership interest (or alternatively, its secured position) in the Equipment.

17. Cause exists to grant relief from the automatic stay, because CIT Bank's lien interest is subject to depreciation while CIT Bank's recovery of the Equipment is stayed.

18. CIT Bank has the right to receive the amounts due and owing under the

Agreement, or in the alternative, to take immediate possession of the Equipment.

19. The terms of the Agreement provide that in an event of default CIT Bank is entitled to immediate possession of the Equipment.

20. CIT Bank lacks adequate protection of its interest and is suffering continuing irreparable injury by reason of the absence of payments by Debtor as well as by the depreciating nature of the Equipment and the risk of theft or damage to the Equipment.

21. The fair market value of the equipment is $40,000.00.

22. There is no equity in the Equipment for Debtor's Bankruptcy estate.

23. The foregoing constitutes immediate and irreparable harm to CIT Bank and good cause for lifting the automatic stay imposed by 11 U.S.C. § 362 to permit CIT Bank to enforce its rights with respect to the Equipment under the Agreement.

24. No memorandum will be filed and CIT Bank will rely solely upon this Motion.

WHEREFORE, CIT Bank, N.A., respectfully requests that this Court enter an Order

A. Granting relief from or modifying the stay to permit CIT Bank to exercise its state law rights and remedies to take immediate possession of the Equipment and sell or otherwise dispose of same in accordance with the Agreement and the Maryland Uniform Commercial Code; and

B. Granting such other and further relief as this Court deems proper.

Respectfully submitted,

_____/s/ Adam M. Spence_____
Adam M. Spence, Esq., Fed Bar # 14356
Garrett E. Brierley, Esq., Fed Bar # 29596
SPENCE | BRIERLEY
409 Washington Avenue, Suite 1000
Towson, MD 21204
(410) 823-5003
Telecopier: (443) 836-9181
***Counsel for CIT Bank, N.A.***