IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

In re:

Algits Incorporated dba NinjaBe

        Case No. 21-13888

Debtor         Chapter 11 (Subchapter V)

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEBTOR'S EMERGENCY MOTION TO APPROVE THE SALE OF SUBSTANTIALLY ALL ASSETS OF ALGITS INCORPORATED DBA NINJABE FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §§105 and 363(b),(f) BY PUBLIC AUCTION

Algits Incorporated dba NinjaBe, the Debtor, by and through his undersigned counsel, and pursuant to 11 U.S.C. §§105 and 363(b) and (f) and Fed.R.Bankr.P. 2002(a)(2) and 6004, files this Emergency Motion (the "Sale Motion") to Approve the Sale of substantially all assets of Algits Incorporated dba NinjaBe Free and Clear of Liens, Claims, Encumbrances and Interests, through Public Auction and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Sale Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of the case in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

### PROCEDURAL BACKGROUND

2. The Debtor runs and operates an "Ninja Warrior" play area in Howard County, Maryland (the "Business") at 9301 Snowden River Parkway, Columbia, MD 21046 (the "Business Premises"). The Business provides an enclosed area for children and adults to exercise on various types of equipment that replicate several types of "ninja warrior" tests as seen on television. The space also consists of segregated rooms for birthday parties, a bar, and simulated golf apparatus. Prior to the filing of the bankruptcy the Debtor fell into default with its landlord due to COVID-19, wherein the State of Maryland shut down all gymnasiums, which the Debtor

1

was characterized. Due to the State shutdown the Debtor had no income for a number of months, and only since May 2021 has the Debtor's business been open to 100% capacity.

3. On June 11, 2021 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and the management of its business as a debtor-in-possession under sections 1107 and 1008 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner and no official creditors' committee has been appointed in this case.

4. On or about July 4, 2021, the Debtor received and accepted a Letter of Intent from Phillip Young, his successors and/or assigns, (the "Agreement") for the sale of substantially all assets of the Debtor's free and clear of any interest therein to Phillip Young, his successors and/or assigns, (the "Purchaser"). As a result of the Letter of Intent the Debtor filed a Motion to Sell Free and Clear of Liens, which was subsequently withdrawn due to lack of funding prior to entry of any Order from this Court.

5. The Debtor then proceeded to investigate and analyze all other options including a sale of the business, a downsizing of the business with a move to a different location, with reduced rental obligations, and/or the sale of the equipment through an auctioneer.

6. The Debtor then made a mistake in judgment. The Debtor improperly believed, similar to listing the business on websites that advertise businesses for sale to see if another buyer could be found to purchase the business, the Debtor believed it could arrange with an Auctioneer to list the assets of the business for sale with the caveat that all sales would not be final without, among others, Court approval. Debtor mistakenly believed that the auctioneer could solicit bids, place the successful bidders on hold, and armed with that information the Debtor could determine the best course of action for this matter to be incorporated into the Debtor's Plan.

7. Upon information and belief, it appears that the Debtor contacted Auctioneer, Ramsey Auctioneers, Inc. in July for this purpose, an on-line advertisement of the Debtor's assets with Ramsey Auctioneer's to see what bids would be submitted for the equipment.  The Debtor believed that language in the auctioneer promotional materials indicating all bids were subject to approval was sufficient that the auctioneer's actions were not a "sale" of the equipment as the Debtor could always reject the bid(s).

8. The action(s) of soliciting bids for Debtor's equipment was unknown to any counsel until an email was circulated on September 20, 2021 and Debtor's counsel discussed the matter with EagleBank's counsel regarding the auctioneer's actions.

9. On September 21, 2021, numerous phone calls and emails were exchanged by and between Debtor's Counsel, EagleBank's counsel, the Subchapter V Trustee and Ramsey Auctioneer's to discuss what had happened.  By the end of the business day on September 21, 2021, the majority of assets of the Debtor had received bids from potential buyers awaiting approval before finalization of the sale.

10. Upon information and belief the on-line auction generated potential gross revenue of $82,305.00, less costs and expenses.  The Auctioneer's agreed commission is 15% of the gross revenue or $12,345.75, or a net recovery to the estate of $ 69,959.25.  It is further believed that all bidders were told that the item(s) would need to be removed from the business premises of the Debtor on or before the end of the month (September 30, 2021).  A copy of the Auctioneer's Report of Sale is attached hereto as Exhibit 1.

11. Although the Debtor did not believe there was a sale, upon information and belief, the auctioneer, Mr. Ramsey, believed otherwise from his conversations with the Debtor.

12. It is now apparent to the Debtor that the sale of the assets is in the best interest of the estate and other options to continue to operate are not viable.

## AUTHORITY TO SELL FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTES

13. The Bankruptcy Code provides the authority for the Debtor to sell substantially all assets of Algits Incorporated dba NinjaBe free and clear of all liens, claims, encumbrances and interests.

14. Section 11 U.S.C. §363(b)(1) provides that the Debtor, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate.

15. Section 11 U.S.C. §363(f) further states that the Debtor may sell property under subsection (b) of this section free and clear of any interest in such property or an entity other than the estate, only if (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

## SALE OF SUBSTANTIALLY ALL ASSETS OF ALGITS INCORPORATED DBA NINJABE

16. As previously mentioned, the Auctioneer has received bids for the majority of the equipment totaling $82,305.00 or a net disbursement to the estate of $69,959.25.

17. The Debtor, as well as the Subchapter V Trustee, SBA Lender EagleBank, Pawnee Leasing and Allegiant Partners Inc. believe that the sale of the assets of the Debtor is in the best interest of all creditors as: (1) the sale of the assets will be beneficial to the estate on a net

recovery basis as there is a question of whether the Debtor has the liquidity to survive until a Plan can be approved; (2) the equipment will presumably continue to depreciate until a subsequent sale can be arranged thereby reducing any potential net recovery; and (3) there does not appear to be an alternative or equally desirable or better opportunity for the creditors to sell the equipment without the estate incurring additional administrative costs.

18. Upon information and belief, EagleBank, the SBA lender and first priority blanket lienholder consents to the relief requested in this Motion provided it is paid in full from the estate.

19. Upon information and belief, Pawnee Leasing, holder of a purchase money security interest in certain equipment that received bids in the auction, in excess of its Proof of Claim amount, also consents to the relief requested in this Motion provided it is paid in full from the estate. Pawnee Leasing filed a Proof of Claim (Claim No. 1) in the amount of $9891.78. Bids received for Pawnee's secured equipment exceed their Proof of Claim amount resulting in the estate receiving those excess proceeds for distribution to blanket lienholders (EagleBank).

20. Upon information and belief, Allegiant Partners LLC, holder of a purchase money security interest in certain equipment (a mechanical riding bull and Toxic Dump), also received a bid for its equipment, in the gross amount of $6,900. However, Allegiant Partners, Inc. had filed a Proof of Claim (Claim No. 6) in the amount of $31,213.71. Allegiant Partners, Inc., through counsel, has indicated that Allegiant has no objection to the relief requested, provided its security interest attaches to the net proceeds realized from the bids received on its equipment.

WHEREFORE, the Debtor respectfully requests the entry of an order granting this Sale Motion, retroactively approving the sale of substantially all assets of Algits Incorporated dba

NinjaBe free and clear of all liens, claims, encumbrances, and interests, by Pubic Auction and grant such other and further relief as is just and proper.

Dated: September 23, 2021                              Respectfully submitted,

/s/ Robert L. Kline, III
Robert L. Kline, III, #4357
5 Public Square, Suite 200
Hagerstown, MD 21740
240 347 4944
klinelawgroupllc@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September 2021, to the extent that the following persons were not served electronically via the CM/ECF system, a copy of the aforegoing was mailed, via First-Class Mail, postage prepaid to all parties of interest listed on the Court's official mailing matrix and to the following parties through the ECF:

- **Hugh M. (UST) Bernstein**   hugh.m.bernstein@usdoj.gov
- **Robert L. Kline**   klinelawgroupllc@gmail.com
- **Craig Palik**   cpalik@mhlawyers.com, dmoorehead@mhlawyers.com;cpalik@ecf.inforuptcy.com;kolivercross@mhlawyers.com
- **Kristen B. Perry**   kperry@howardcountymd.gov
- **Joseph Michael Selba**   JSelba@tydingslaw.com, jselba@tydings.com
- **Angela L. Shortall**   ashortall@3cubed-as.com, md70@ecfcbis.com
- **Adam M. Spence**   adam@spencefirm.com
- **US Trustee - Baltimore**   USTPRegion04.BA.ECF@USDOJ.GOV
- **Christopher S. Young**   cyoung@btlg.us, sphillips@btlg.us;hconnolly@btlg.us;edonohue@btlg.us;hyeung@btlg.us;klohmeyer@btlg.us

/s/ Robert L Kline, III
Robert L Kline, III