IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **In re:** ) | |
| ) | **Case No. 21-13888-DER** |
| **ALGITS INCORPORATED D/B/A** ) | |
| **NINJABE,** ) | **Chapter 11** |
| ) | |
| **Debtor.** ) | |
| ) | |
| **EAGLEBANK,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **ALGITS INCORPORATED,** ) | |
| ) | |
| **Respondent.** ) | |

**MOTION FOR APPROVAL OF CONSENT AGREEMENT PUSUANT TO 11 U.S.C. §362(d), TO PERMIT SETOFF AND TO AUTHORIZE CARVE-OUT FOR THE ADMINISTRATIVE FEES AND EXPENES OF THE SUBCHAPTER V TRUSTEE**

Comes now the movant EagleBank, secured creditor, through counsel Craig M. Palik, Esq. and McNamee Hosea, P.A., and moves for the approval of a consent agreement pursuant to 11 U.S.C. §362(d), to permit setoff and to authorize carve-out for the administrative fees and expenses of the Subchapter V Trustee, filed pursuant to 11 U.S.C. §§ 362(d), 105, and Fed R. Bankr. P. 4001 and 9014, and in support thereof, states as follows:

**Parties and Jurisdiction**

1. Algits Incorporated D/B/A NinjaBe (the "Debtor") is a business with its principal place of business located at 6030 Marshalee Drive, Suite 608, Elkridge, Maryland 21075.

2. EagleBank is a Maryland chartered bank and a secured creditor of the Debtor.

1

3. Angela L. Shortall is the Subchapter V Trustee duly appointed in this case.

4. This Court has jurisdiction to address the issues raised herein and grant the relief sought pursuant to 28 U.S.C. §§ 1334 and 157(b), and 11 U.S.C. §§ 362(d) and 105.

5. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

**Factual Background**

6. Pursuant to various loan documents evidenced by a promissory note dated June 23, 2017, EagleBank loaned $350,000.00 to the Debtor (the "Note"). A copy of the Note is attached hereto and incorporated herein as **Exhibit A**.

7. Pursuant to a Security Agreement dated July 23, 2017 (the "Security Agreement") and a UCC Financing Statement recorded with the Maryland Department of Assessments and Taxation, Maryland on June 23, 2017 (the "Financing Statement") EagleBank holds a "blanket" lien on all equipment, furniture fixtures, tangible property, inventory, accounts, instruments, chattel paper and general intangibles of the Debtor, including without limitation all accessions, additions and attachments thereto, and the products and proceeds thereof (the "Collateral"). The Security Agreement and Financing Statement are attached hereto as **Exhibits B and C**, respectively.

8. On June 11, 2021 (the "Petition Date'), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Court.

9. On August 19, 2021, the Debtor elected to proceed under the designation of a Subchapter V Chapter 11 small business debtor.

10. On August 20, 2021 Angela L. Shortall was appointed as the Subchapter V Trustee (the "Subchapter V Trustee").

11. As of the Petition Date and as evidenced by the its Proof of Claim, EagleBank was owed $208,535.83 (the "Prepetition Debt"), which is calculated as follows:

| | |
|---|---|
| Principal Balance: | $206,609.86 |
| Accrued Interest: | $883.05 |
| Late Fees: | $1,042.92 |
| Total: | **$208,535.83** |

12. The prepetition arrears are $4,164.65.

13. As of the date of this Motion, after application of any authorized payments received postpetition, EagleBank is owed $218,781.28 (the "EagleBank Debt"), which is calculated as follows:

| | |
|---|---|
| Principal | $189,894.43 |
| Accrued Interest | $62.43 |
| Late Fees | $1,042.92 |
| Appraisal Fees | $600.00 |
| Legal Fees | $27,181.50 |
| Total | **$218,781.28** |

14. Interest and fees continue to accrue postpetition relative to the EagleBank Debt.

15. On June 30, 2021, the Court entered an Interim Consent Order which authorized the use of cash Collateral and granted adequate protection (the "First Interim Consent Order"). Docket No. 28. Pursuant to the First Interim Consent Order, EagleBank consented to the Debtor's use of cash Collateral until August 9, 2021. Subsequent thereto, further extensions of the Debtor's use of cash Collateral were also entered on a consent basis as follows:

- On August 9, 2021, for the period up until September 7, 2021 (the "Second Interim Consent Order"). Docket No. 50.

- On August 31, 2021, for the period up until October 5, 2021 (the "Third Interim Consent Order"). Docket No. 68.

16. The First, Second and Third Interim Consent Orders each acknowledge and confirm the existence of EagleBank's first priority security interest in all equipment, furniture, fixtures, tangible property, inventory, accounts, instruments, chattel paper and general intangibles of the Debtor, including without limitation all accessions, additions and attachments thereto, and the products and proceeds thereof as defined therein (with the exception of certain purchase money security interests), (the "Prepetition Collateral"), and that the debt secured thereby is not subject to any offset, defense, claim, counterclaim or any other diminution of any type, kind or nature whatsoever, and not subject to avoidance, disallowance, reduction or subordination pursuant to applicable state or federal laws.

17. On September 29, 2021, the Debtor filed a Motion to Sell Substantially all Assets (the "Motion to Sell"). Docket No. 87. By auction, the Debtor sold essentially all of its assets, netting an anticipated recovery to the estate of $69,959.25.

18. The Court approved the sale on October 5, 2021 (the "Sale Order").

19. Pursuant to the Sale Order, EagleBank anticipates and is authorized to receive a direct disbursement of approximately $54,202.47, which funds shall be applied against the EagleBank Debt. The EagleBank Debt then will be reduced to approximately $164,578.81, subject to continuing interest and fees.

20. The Debtor's DIP account was opened on August 1, 2021 with EagleBank.

21. The Debtor's DIP account has a current balance of $204,975.00.

22. The Debtor also maintains funds in an account with Howard Bank with a current balance of approximately $60,000.00 (the "Howard Bank Account"), which funds have not yet been transferred to the DIP account as of the filing of this Motion.

23. The Debtor also has accounts receivable owed to it as of the date of this Motion of approximately $25,000.00, based upon last reported information.

24. As such, EagleBank's cash Collateral exceeds the amount of the EagleBank debt plus any accruing fees and interest.

25. Having sold substantially all of its assets, the Debtor is no longer in need of the use of EagleBank's cash Collateral, and the Debtor's authorization to use such cash Collateral, including, but not limited to cash Collateral held in deposit or checking accounts (including the DIP account, the Howard Bank Account and any accounts receivable of the Debtor), was otherwise terminated upon the expiration of the Third Interim Consent Order on October 5, 2021.

**Request for Relief**

26. In light of EagleBank's first priority security interest in the cash Collateral, EagleBank requests that the automatic stay of 11 U.S.C. §362(a) be modified pursuant to 11 U.S.C. §362(d) to permit it to setoff funds in the DIP account (and/or such additional funds that may later be deposited or transferred into the DIP account from Howard Bank or as proceeds of any accounts receivable) against the EagleBank Debt.

27. The setoff is anticipated to reduce and fully setoff the Debtor and the estate's liability to EagleBank by eliminating continuing and accruing interest and attorneys' fees authorized under the Note and maximizing funds available for recovery by other claimants and creditors in this case.

28. Pursuant to 11 U.S.C. § 362(d), after notice and a hearing, the court shall grant relief from the automatic stay "for cause."

29. The Debtor has recently sold substantially all of its assets by auction, including equipment that is part of the Collateral securing EagleBank's lien, and has stated an intention to

liquidate all assets and disburse all proceeds in the context of this Subchapter V Chapter 11 case as the most efficient means of bringing this case to a conclusion.

30. As such, pursuant to 11 U.S.C. § 362(d), EagleBank asserts that cause exists to lift the automatic stay permit a setoff against of the funds in the DIP account (and/or such additional funds that may later be deposited or transferred into the DIP account from Howard Bank or as proceeds of any accounts receivable) against the EagleBank debt.

31. Recognizing the speed and efficiency by which its debt will be paid, and the assistance of the Subchapter V Trustee in EagleBank in the process of facilitating the liquidation of assets and the payment of its debt, EagleBank has agreed to provide a carve-out from any disbursement it receives up to a maximum amount of $10,000.00 for the payment of the Subchapter V Trustee's administrative fees and expenses provided each of the following:

    a. This Motion is Approved in its entirety and EagleBank is indefeasibly authorized to setoff the EagleBank Debt and accruing fees and interest as requested herein;

    b. The Debtor's assets are liquidated in the context of this Subchapter V Chapter 11 case with the assistance of the Subchapter V Trustee, and the proceeds disbursed pursuant to either a plan of reorganization or pursuant to dismissal procedures approved by this Court;

    c. There are otherwise insufficient funds of the Debtor's bankruptcy estate to pay in full the allowed fees and expenses of the Subchapter V Trustee; and

    d. The Debtor's instant Subchapter V Chapter 11 case is not subsequently converted to another chapter of the Bankruptcy Code.

32. As such, EagleBank respectfully requests that the Court allow it to offset the EagleBank Debt as specified herein including any continuing fees and interest from the funds

contained in the DIP account and to authorize a carve-out from any disbursement received up to a maximum amount of $10,000.00 for the payment of the Subchapter V Trustee's administrative fees and expenses according to the terms set forth above.

33. Both Angela L. Shortall, the Subchapter V Trustee, and Robert L. Kline, the Debtor's attorney, have consented to relief requested in this Motion and have endorsed the proposed consent order submitted herewith.

WHEREFORE the Movant, EagleBank, respectfully requests (a) that this Honorable Court grant it relief from the automatic stay to use the funds in the DIP account (and/or such additional funds that may later be deposited or transferred into the DIP account from Howard Bank or as proceeds of any accounts receivable) to offset its remaining debt, including accruing fees and interest; and (b) to approve a carve-out of up to $10,000.00 for the payment of the Subchapter V Trustee's fees and expenses upon the terms stated, and for such other further relief as is deemed just and proper.

Respectfully submitted:

MCNAMEE HOSEA, P.A.

/s/ Craig M. Palik
_____
Craig M. Palik, Esq. (#15254)
6411 Ivy Lane, Suite 200
Greenbelt, MD  20770
(301) 441-2420
(301) 982-9450 (f)
cpalik@mhlawyers.com

*Counsel to EagleBank*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18th day of October, 2021, a copy of the foregoing Motion was mailed, postage prepaid to the following parties:

Hugh M. Bernstein, Esq.
US Department of Justice, Office of US Trustee
101 W Lombard Street, Suite 2625
Baltimore, MD 21201

Angela L. Shortall
111 S. Calvert Street
Suite 1400
Baltimore, MD 21202

Robert L Kline, III Esq.
5 Public Square, Suite 200
Hagerstown, MD 21740

Joseph M. Selba, Esq.
Tydings & Rosenberg LLP
One East Pratt St., Suite 901
Baltimore, MD 21201

Adam M. Spence, Esq.
Garrett E. Brierley, Esq.
SPENCE | BRIERLEY
409 Washington Avenue, Suite 1000
Towson, MD 21204

All creditors and parties in interest on the attached matrix.

/s/ Craig M. Palik
_____
Craig M. Palik, Esq.