## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| **In re:** | * | |
| **ALGITS INCORPORATED** | * | **Case No. 21-13888-DER** |
| **Debtor.** | * | **(Chapter 11)** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### SUPPLEMENTAL MEMORANDUM RE:
### SNOWDEN INVESTORS LLC'S REQUEST
### FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

Pursuant to the Court's Instruction (ECF 137), Snowden Investors LLC ("Snowden") submits this supplemental memorandum in support of its *Request for Allowance of Administrative Claim* (ECF 114) (the "Request"), and states:

1.      Snowden's Request seeks an administrative claim for the post-petition rent that the Debtor failed to pay with respect to that certain real property leased to the Debtor and known as 9301 Snowden River South, Suits A-H, Columbia, MD 21046 (the "Premises").

2.      The Request was filed on November 15, 2021 and asserted a claim in the amount of "at least $210,732.33." (¶ 23 of Request)

3.      November 15, 2021 was the deadline set by the Court for filing administrative claim requests (*See* ECF 99), but as of that date the Debtor's assets still occupied the Premises.

4.      As noted in the Court's Instruction, Snowden obtained relief from stay on September 15, 2021, thereby providing Snowden with the ability to exercise its rights to retake the Premises starting September 30, 2021 (upon expiration of the 14-day stay imposed by Bankruptcy Rule 4001(a)(3)).

1

5. However – at the request of the Subchapter V Trustee, with the Debtor's consent, and for the benefit of the bankruptcy estate, the secured lender, Eagle Bank, and other lienholders and lessors – Snowden allowed the Premises to remain occupied with the Debtor's assets, so as to facilitate the Subchapter V Trustee's pulling together post hac approval and completion of the auction sale that the Debtor had previously conducted without any authorization or notice (See Auction Sale Motion and Order thereon at ECF 87 and 98).

6. The Premises remain occupied with the Debtor's assets through at least November 18, 2021, when the last large asset, a Hurricane simulator, was removed by the equipment lessor. A copy of emails referring to the removal of such equipment are attached hereto as **Exhibit 1**.

7. Accordingly, the Debtor's occupancy of the Premises through November 2021 qualifies as among "the actual, necessary costs and expenses of preserving the estate," thereby entitling Snowden to an administrative expense claim pursuant to Section 503(b)(1).

8. In response to the Court's reference to the possible automatic rejection of the lease pursuant to Section 365(d)(4) on October 9, 2021, such would have not occurred until January 7, 2022, as the time period for such deemed rejection is now 210 days, having been increased 90 days by the Consolidated Appropriations Act of 2021.

9. As to the computation of the amounts claimed, Snowden asserts that the correct balance is $213,140.58, ignoring legal fees and interest, computed as follows (attached as **Exhibit 2** is Snowden's ledger; and a copy of the Lease is again attached as **Exhibit 3**):

| | |
|---|---|
| June-November rent charges ($32.,641.36/month x 6 months): | 195,848.16 |
| 5% late fee (1,632.17 x 6 months) [¶ 5 of Lease]: | 9,792.42 |
| Utilities (see Ledger) [¶ 6 of Lease]: | 7,500.00 |
| **TOTAL:** | **$213,140.58** |

10.     The Debtor completely failed its statutory obligation to pay the rent owed since the Petition Date.  See Section 365(d)(3) (the Debtor "shall timely perform all the obligations… arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected.").  This provision sets forth a required obligation by a debtor to make timely payments due under leases in order to protect landlords which are compelled to provide use of their properties.

11.     The obligation of a debtor to timely perform its post-petition commitments under its lease is mandatory, not permissive.  *In re Almacs, Inc.*, 196 B.R. 244 (Bankr. N.D.N.Y. 1996).  This obligation runs for the period from the bankruptcy petition date through and until such lease is rejected.  *In re Geonex Corp.*, 258 B.R. 336, 339 (Bankr. D. Md. 2001).

12.     The record in this case clearly establishes that the Debtor had the ability to pay Snowden for its use of the Premises but chose not to do so.  The Debtor's monthly operating reports show that the Debtor had sufficient cash on hand to make the rent payments.

13.     In addition to the rent charges, Snowden is entitled to allowance of late charges due under the Lease and interest, as well as legal fees.  See *In re Geonex Corp.*, at 343 (Bankr. D. Md. 2001); and *CIT Communications Finance Corp. v. Midway Airlines Corp. (In re Midway Airlines Corp.)* 406 F.3d 229, at 235 (4th Cir. 2005) (holding that a lessor is entitled to "recover all payments due under the lease (including rent, taxes, interest, late fees, and attorney's fees)" when the trustee fails to timely perform its obligations under Section 365(d)).

14.     Accordingly, Snowden should be allowed and granted an administrative claim in the amount of $213,140.58 for the unpaid, post-petition amounts due under the Lease.

WHEREFORE, Snowden respectfully requests that this Court grant Snowden an administrative claim in the amount of $213,140.58 pursuant to 11 U.S.C. § 503; and grant such

3

other and further relief as this Court deems fair and just.

Date: January 10, 2022                    Respectfully Submitted,

/s/ Joseph M. Selba
Joseph M. Selba, Bar No. 29181
Tydings & Rosenberg LLP
One East Pratt Street, Suite 901
Baltimore, Maryland 21202
Phone: (410) 752-9753
Fax: (410) 727.5460
Email: jselba@tydings.com
*Counsel for Snowden Investors LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 10th day of January 2022, a copy of the foregoing **SUPPLEMENTAL MEMORANDUM** was served electronically, via this Court's CM/ECF system, on the following:

- o   Angela Shortall, ashortall@3cubed-as.com, *Subchapter V Trustee*

- o   Hugh M. (UST) Bernstein, Esq., hugh.m.bernstein@usdoj.gov, *Office of United States Trustee*

- o   Robert L. Kline, Esq., klinelawgroupllc@gmail.com, *Debtor's Counsel*

- o   Craig Palik, Esq., cpalik@mhlawyers.com, *Counsel for Eagle Bank*

- o   Kristen B. Perry, Esq., kperry@howardcountymd.gov, *Counsel for Howard County*

- o   Adam M. Spence, Esq., adam@spencefirm.com, *Counsel for CIT Bank*


/s/ Joseph M. Selba
Joseph M. Selba

#5285715v.1